IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 95-50606

Summary Calendar

JOHN J. LOKOS,

                                        Plaintiff-Appellant,

                            versus

GILBERT F. CASELLAS, chairman;
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                                        Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(A-94-CV-38)

August 2, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        John J. Lokos appeals the judgment of the United States
District Court for the Western District of Texas.  The district
court rejected Lokos' claims that his employer, the Equal
Employment Opportunity Commission, had engaged in unlawful
employment discrimination.  We vacate in part and affirm in part.

_____

        [*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

John Lokos is an Attorney Examiner/Administrative Judge in the San Antonio office of the Equal Employment Opportunity Commission. On October 30, 1992, Lokos was placed on a performance improvement plan for a period of ninety days due to his alleged inferior job performance. When Lokos failed to improve his work quality, the PIP was extended until April 9, 1993. Lokos' failure to remedy his deficient job performance led to his demotion from GS-13 to GS-12 on July 25, 1993.

Lokos appealed the demotion to the Merit Systems Protection Board. Lokos alleged that the demotion was unjustified and that he was the victim of unlawful sex and age discrimination. Lokos also alleged that the demotion was ordered in retaliation for his having engaged in protected activity. The MSPB disagreed, rejecting Lokos' discrimination claims. The MSPB, however, did find that Lokos' demotion was unlawful because the Performance Appraisal and Recognition System pursuant to which the EEOC had evaluated Lokos violated an order of the Federal Labor Relations Authority.

On January 19, 1994, Lokos filed a petition for review in the U.S. District Court for the Western District of Texas. Lokos reasserted his discrimination and retaliation claims. The EEOC asserted a counterclaim seeking a declaration that the demotion and the PARS system upon which it was based were valid.

Lokos' sex discrimination and retaliation claims were tried to a jury, which returned a verdict for the EEOC. Lokos' age

discrimination claim was tried to the court, which also found in favor of the EEOC. In addition, the district court entered judgment for the EEOC on its counterclaim, finding that Lokos' demotion "was proper pursuant to Chapter 43 of the Civil Service Reform Act." Lokos now appeals. We have jurisdiction. 28 U.S.C. § 1291.

## II.

On appeal, Lokos raises a host of arguments regarding the district court's jurisdiction to adjudicate the EEOC's counterclaim. The EEOC concedes error, acknowledging its limited authority to seek the review of decisions of the MSPB pursuant to 5 U.S.C. § 7703(d). We therefore vacate that portion of the district court's judgment regarding the EEOC's counterclaim.

Regarding his discrimination and retaliation claims, Lokos argues that the district court erred in refusing to allow him to examine a witness at trial. We disagree. Lokos did not object to the district court's refusal to allow him to conduct the examination of the witness, nor does Lokos cite any authority establishing a represented party's constitutional right to examine witnesses at trial.

Lokos also contests the district court's decision to exclude the decision of an arbitrator reducing the penalty imposed on Lokos for an earlier disciplinary infraction. Assuming without deciding that the district court's decision to exclude the decision itself was error, we are not persuaded that it is reversible error. The

3

district court permitted several witnesses, including Lokos himself, to testify regarding both the incident underlying the arbitrator's decision and the arbitrator's reduction of the disciplinary sanction. Lokos does not specify what additional information the jury could have gleaned from the arbitrator's decision itself. The exclusion of the arbitrator's decision was harmless.

We therefore VACATE that portion of the district court's judgment regarding the EEOC's counterclaim. We AFFIRM the judgment in all other respects.